UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14138-Civ-GRAHAM
MAGISTRATE JUDGE P.A. WHITE

EARL BUTLER,                         :

    Petitioner,                   :

v.                                   :        REPORT OF
                                              MAGISTRATE JUDGE
WALTER A. McNEIL,                    :

    Respondent.                   :
_____

     Earl Butler, who is presently awaiting trial in Highlands County Jail in Sebring, Florida has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He raises pretrial detention issues in Highland County cases 10-00172 and 10-00225.

     This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

     The Court has before it for consideration the petition for writ of habeas corpus. It has not ordered the Respondent to show cause. See 28 U.S.C. § 2243 (order to show cause shall be issued "unless it appears from the application that the applicant or person detained is not entitled thereto.").

Case 10-00172

     Butler was charged in case 10-00172 with driving with a suspended license, possession of cocaine and use or possession of

drug paraphernalia. [DE# 2 at 8-9]. He posted surety bonds on February 27, 2010, in the amounts of $1,000, $500 and $250.[1] The court revoked bond "PURSUANT TO PARKER V. STATE"[2] on March 10, 2010, the same day he was arrested in a new case (10-00225, discussed below). The trial court heard and denied Butler's motion for bond on April 26, 2010. Butler waived speedy trial on May 5, 2010, and the trial date has been continued.

Case 10-00225

Butler's arrest on March 10, 2010, was for knowingly driving with a revoked or suspended license in case 10-00225. The court set bond at $5,000 for this new offense. Butler entered a nolo contendere plea on March 24, 2010, pursuant to which the court adjudicated him guilty, sentenced him to one month with credit for time served and imposed a fine.

Butler filed the instant petition on April 23, 2010.[3] He argues: (1)(A) bond is excessive and constitutes cruel and unusual punishment, (B) the trial court erred by revoking bond; (C) he is being unconstitutional held in a case for which bond was already granted; (D) pretrial detention for possession of cocaine and possession of drug paraphernalia is unconstitutional; (2) pretrial detention violates his due process property and liberty interests;

---

[1] The Court takes judicial notice of the records maintained by the Highlands County Clerk of Courts pertaining to Butler located at http://courts.hcclerk.org/iquery/default.aspx. See Fed. R. Ev. 201.

[2] In Parker v. State, 843 So. 2d 871 (Fla. 2003), the Florida Supreme Court held constitutional the Florida statute which permits a court "on its own motion, [to] revoke pretrial release and order pretrial detention if the court finds probable cause to believe that the defendant committed a new crime while on pretrial release." § 903.0471, Fla. Stat.

[3] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

(3) he is being denied the right to petition or redress his grievance pursuant to Parker v. State; and (4)(A) pretrial detention violates double jeopardy because he is being held in jail twice on the same charge, i.e., possession of drug paraphernalia and possession of cocaine which both involve the same drugs; (B) pretrial detention is an illegal Fourth Amendment search and seizure.

As a preliminary matter, Butler's petition is not cognizable under section 2254 and must instead be construed as a petition for section 2241 relief. A federal habeas petitioner who is "in custody pursuant to the judgment of a State court...," may seek relief pursuant to title 28, section 2254(a). However, a pretrial detainee is not "in custody" pursuant to a state court judgment so section 2254 relief is unavailable. See Dickerson v. Louisiana, 816 F.2d 220 (5th Cir. 1987). Petitioners who are pretrial detainees must instead seek relief through section 2241. That section provides a remedy for any person held in violation of the Constitution, laws, or treaties of the United States "regardless of whether a final judgment has been rendered and regardless of the status of the case pending against him." Dickerson, 816 F.2d at 224; see 28 U.S.C. § 2241(c)(3); Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004) (section 2241 applies to individuals who a state places in pretrial detention); Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003) (same).

Butler filed the instant petition for habeas relief pursuant to section 2254. He is a pretrial detainee at the Highlands County Jail.[4] Therefore he is not in custody pursuant to a state court

---

[4] Butler's one-month sentence for his conviction in case 10-00225 appears to have expired on or about April 9, 2010, several weeks before he filed the instant petition. The only case for which he presently appears to be in custody is his pretrial detention in case 10-00172.

judgment and section 2254 does not apply. The Court accordingly construes the instant petition under section 2241. See Hiteshaw v. Butterfield, 262 Fed. Appx. 162, 164 (11th Cir. 2008).

Butler is not entitled to relief under section 2241 because he has failed to exhaust his claims in state court. Habeas petitioners are required to exhaust state court remedies before seeking federal habeas review. Exhaustion is a statutory requirement in the case of section 2254, and a common-law requirement in the case of section 2241. Braden v. 30th Jud. Cir., 410 U.S. 484, 488-89 (1973); Dickerson, 816 F.2d at 225; Thomas v. Crosby, 371 F.3d 782, 812 (11th Cir. 2004). The exhaustion requirement is the same for sections 2254 and 2241. See Dill v. Holt, 371 F.3d 1301 (11th Cir. 2004) ("even though [petitioner] brought his petition seeking habeas relief under § 2241, he is nevertheless subject to § 2254's exhaustion requirement."). To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state courts such that the courts have the fair "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270, 275-77 (1971); see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999 (in order to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). To circumvent the exhaustion requirement, a petitioner must establish there is an "absence of available state corrective process" or "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B); see Duckworth v. Serrano, 454 U.S. 1, 3 (1981).

Butler could have challenged the revocation of bond in a

petition for writ of habeas corpus in Florida appellate court. <u>See</u>
<u>McLeod v. Chase</u>, 116 So. 858 (Fla. 1928) (habeas affords judicial
inquiry into the cause of an alleged unlawful actual deprivation of
personal liberty); <u>see</u>, <u>e.g.</u>, <u>Parker</u>, 843 So. 2d at 871 (defendant
filed state habeas petition attacking the revocation of bail in
district court of appeal). He failed to do so and istead petitioned
directly for this Court's intervention. This Court lacks the
authority to resolve Butler's pretrial release issues because the
Florida courts have not yet been given the fair opportunity to do
so. Further, Butler has failed to allege state court remedies are
unavailable or that such remedies are ineffective.

Based upon the foregoing, it is recommended that this petition
for writ of habeas corpus be dismissed without prejudice.[5]

Objections to this report may be filed with the District Judge
within fourteen days of receipt of a copy of the report.

SIGNED this 8th day of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

---

[5] Butler is cautioned that any future federal habeas petition will be
subject to all applicable statute of limitations and procedural bars. For
instance, a one-year statute of limitations applies to federal habeas
petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). This period
usually begins to run when the judgment becomes final after direct appeal or
when the time to seek review has expired. <u>Id.</u> The period is tolled while
properly filed applications for state post-conviction or collateral relief are
pending with respect to the pertinent judgment or claim. 28 U.S.C. §
2244(d)(2). However, the statute is not tolled by a prior federal habeas
petition. <u>See</u> <u>Duncan v. Walker</u>, 533 U.S. 167 (2001)(federal habeas petition is
not an "application for State post-conviction or other collateral review"
under §2244(d)(2)).

cc:   Earl Butler, <u>pro</u> <u>se</u>
       HCSO-05-MINI-004128
       Highlands County Jail
       338 S. Orange St.
       Sebring, FL 33825